**Affirmed as Modified; Opinion Filed May 19, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00997-CR
No. 05-13-00998-CR

**CODY BRIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-23970 and F12-23977**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill[1]
Opinion by Justice Lang

Following open pleas of guilty, the trial court convicted Cody Bright of two charges of

aggravated assault with a deadly weapon. In two issues, Bright asserts his trial counsel was

ineffective in advising him to plead guilty and in failing to call his girlfriend, who was present

during the assaults, as a witness at the plea hearing. We modify the trial court's judgments and,

as modified, affirm.

### I. BACKGROUND

Bright was charged with assaulting his parents by threatening them with a knife. The

assaults, partially captured on the recording of a 9-1-1 call Bright's mother made, occurred at the

---

[1] The Honorable Justice Bill Whitehill succeeded the Honorable Kerry FitzGerald, a member of the original panel. Justice Whitehill has reviewed the briefs and record before the Court.

house of Bright's parents and were part of a string of criminal offenses with which Bright was charged in a span of about a year. As reflected in the 9-1-1 recording and statements Bright's parents made to investigating officers, the assaults occurred after Bright's mother intervened in a "confrontation" between Bright and his girlfriend, Brandi. "In a rage," Bright grabbed a kitchen knife, chased his parents and Brandi into the master bedroom, "shoved" them to the ground, threatened "to cut" his mother and Brandi, and "slammed the blade of the knife into the floor several times while making his threats."

Bright initially pleaded not guilty to the charges, but subsequently changed his pleas to guilty. Although he pleaded guilty and the State offered into evidence the 9-1-1 recording and the parents' statements, Bright and his parents denied at the plea hearing that Bright used a knife.[2] Bright also denied any pushing. Upon hearing Bright's testimony, the trial judge asked Bright if he "still wish[ed] to persist in [his] plea[s] of guilty." Bright stated he did. The trial court accepted the pleas, found Bright guilty, and assessed an eight-year sentence in each case.

Bright hired appellate counsel and filed a motion for new trial, asserting, in relevant part, that his trial counsel was ineffective. Specifically, he complained of counsel's failure to call Brandi at the plea hearing. At the hearing on the motion, Brandi testified that if called at the plea hearing, she would have testified that Bright did not use a knife. Bright also called trial counsel. Trial counsel testified he told Brandi to be at trial, and also asked Bright's parents to tell her.[3] He was surprised she did not appear, but proceeded without her because "the basis of the two cases was what [Bright's] parents were going to say." When questioned about Bright's guilty pleas, trial counsel testified he knew how Bright's parents would testify, but he also was aware of the statements the parents gave the officers, the content of the 9-1-1 recording, and the

---

[2] Bright testified that he used "a kitchen utensil . . . like a cake spatula, a spreader."

[3] In his testimony at the plea hearing, Bright's father agreed he and counsel "tried to have" Brandi at the plea hearing, and they did not know why she failed to appear.

possibility that the trial judge could find the parents not credible. The strategy was to leave Bright in jail during the pendency of the cases, and "get him treatment for anger management and drug rehabilitation."[4] He explained he based his strategy on a "perception" that the trial judge tended to lean "towards rehabilitation versus probation." Trial counsel further explained Bright had no felony convictions, and Bright "had gone a long time in his life before these incidents occurred." He observed the incidents occurred "in a very short time frame," and he "did not think they were - - the incidents and the conduct was reflective of [Bright] going through his life." Trial counsel believed, based on that and a pre-sentence evaluation report, that Bright was a good candidate for probation.[5] That report recommended that if Bright were placed on probation, he should be placed in intensive outpatient alcohol or substance abuse treatment program and anger management classes or batterer's intervention program.

Following argument, the trial court denied the motion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Bright's claims of ineffective assistance of counsel center on the deadly weapon allegation, In his first issue, he asserts trial counsel was ineffective in failing to call Brandi as a witness because "[b]y minimizing the scope of the alleged assault[s], she would have provided mitigating evidence and advanced his defense." In his second issue, Bright asserts counsel was ineffective in advising him to plead guilty despite the lack of evidence showing he used a knife.

### A. Applicable Law

To prevail on an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lopez*

---

[4] Although Bright's father testified that Bright did not use a knife, he also testified at the plea hearing that Bright was "very upset" and he later "drew a gun" on Bright because he was "in a panic mode." The father thought "the idea behind the charges" was "an intervention, and he and his wife decided to leave Bright in jail, instead of bailing him out, during the pendency of the cases so he could learn a lesson.

[5] Both the prosecutor and trial judge observed on the record that trial counsel argued strongly for probation in plea discussions, at the plea hearing, and "after the ruling."

*v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687-88; *Lopez*, 343 S.W.3d at 142. The second prong requires a showing of a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lopez*, 343 S.W.3d at 142. In the context of a guilty plea, this second prong is satisfied by a showing that the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005). The two prongs need not be analyzed in a particular order, and a defendant's failure to satisfy either prong defeats the claim. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); *Lopez*, 343 S.W.3d at 142.

## B. Standard of Review

When, as here, an appellant presents his ineffective assistance of counsel claim to the trial court in a motion for new trial, an appellate court analyzes the claim as a challenge to the denial of the new trial motion and reviews the trial court's ruling for abuse of discretion. *See Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). In conducting this review, the appellate court views the evidence in the light most favorable to the trial court's ruling and reverses only if the ruling was clearly erroneous and arbitrary. *Id.*

## C. Application of Law to Facts

Bright complains about trial counsel's advice to plead guilty and failure to call Brandi, who would have "minimiz[ed] the scope of the alleged assaults . . . provided mitigating evidence and advanced his defense." However, Bright does not contend, and no evidence shows, he would have insisted on going to trial if he had known his parents and Brandi would deny the use of a knife. Bright did not testify at the hearing on the motion for new trial, and the only testimony regarding the reasoning behind the guilty pleas was that of trial counsel. Counsel's testimony

–4–

showed the decision to make the pleas was influenced by his belief the trial judge would consider the facts and order probation. Moreover, when asked by the trial judge during the plea hearing if he wished to change his plea back to not guilty based on his testimony that he did not use a knife, testimony similar to that of his parents and what Brandi stated she would have said, Bright stated he did not. Viewing the record before us in the light most favorable to the trial court's ruling, we conclude Bright has failed to demonstrate prejudice from trial counsel's conduct. *See Ex parte Moody,* 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) (in determining whether second prong satisfied, court considers circumstances surrounding plea and gravity of complained-of conduct); *Ex parte Murillo*, 389 S.W.3d 922, 931-32 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Aside from applicant's own self-serving statement that he would have insisted his counsel take his case to trial had he known he would be deported, he presented no other evidence corroborating his position that it would have been rational to reject a plea deal under the circumstances."); *cf. Ex parte Harrington*, 310 S.W.3d 452, 459-60 (Tex. Crim. App. 2010) (applicant satisfied second prong where he testified his decision to plead guilty was based entirely on counsel's complained-of advice and trial court made findings favorable to applicant.). Accordingly, the trial court did not abuse its discretion in denying Bright's motion for new trial. *See Riley*, 378 S.W.3d at 460. We resolve Bright's two issues against him.

### III. MODIFICATION OF JUDGMENT

We note that the section in each judgment entitled "Findings on Deadly Weapon" incorrectly recites "YES, A FIREARM." An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the deadly weapon finding section in each judgment to show "YES, A KNIFE."

## IV. CONCLUSION

As modified, we affirm the trial court's judgments.


 / Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

130997F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CODY BRIGHT, Appellant

No. 05-13-00997-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-23970.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the section of the trial court's judgment entitled "Findings on Deadly Weapon" to reflect "**YES, A KNIFE**" instead of "**YES, A FIREARM**."

As **MODIFIED**, we **AFFIRM** the judgment.

Judgment entered this 19th day of May, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CODY BRIGHT, Appellant

No. 05-13-00998-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-23977.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the section in the trial court's judgment entitled "Findings on Deadly Weapon" to reflect "**YES, A KNIFE**" instead of "**YES, A FIREARM**."

As **MODIFIED**, we **AFFIRM** the judgment.

Judgment entered this 19th day of May, 2015.